IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEGAN COOK and SHEENA WILLIAMSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| COOK COUNTY RECORDER OF DEEDS OFFICE, and COOK COUNTY, | ) ) ) |
| Defendants. | ) ) |

Case No.:

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## JURISDICTION AND VENUE

1. In 1969, Cook County was made the subject of a federal lawsuit in the Northern District of Illinois entitled *Michael Shakman et al. vs. Democratic Organization of Cook County, et al.*, Case No. 69 C 2145. In order to resolve many of the issues involved in that case, Cook County and the Cook County Recorder of Deeds Office entered into Consent Decrees that prohibited Cook County and the Cook County Recorder of Deeds Office from "conditioning, basing or knowingly prejudicing of affecting any term or aspect of government employment with respect to one who is a government employee upon or because of any political reason or factor".

2. The Consent Decrees are often referred to as the "*Shakman* Decrees".

3. The District Court for the Northern District of Illinois has retained jurisdiction over the *Shakman* case. As part of its jurisdiction over the case, the Court is empowered to enforce the *Shakman* Decrees. The authority of the Court is placed in the hands of a federal *Shakman* Monitor.

4. Venue is founded in this judicial court upon 28 U.S.C. §1391 as the acts complained of arose in this district.

## PARTIES

5. At all times herein mentioned, Plaintiffs Megan Cook ("Cook") and Sheena Williamson ("Williamson") (collectively, the "Plaintiffs") were and are citizens of the United States and within the jurisdiction of this court.

6. At all relevant times, Defendant Cook County Recorder of Deeds Office ("Recorder's Office") is and was an elected office of Cook County. At all relevant times, Karen Yarbrough ("Yarbrough") was the Cook County Recorder of Deeds.

7. Defendant Cook County ("County") is and was at all relevant times a municipal corporation organized and existing under the laws of the State of Illinois. At all relevant times, Cook County administered itself through various departments and offices.

## FACTUAL ALLEGATIONS

8. Plaintiff Cook began working as an Administrative Assistant in the Recorder's Office in May 2013.

9. Plaintiff Williamson began working as an Administrative Assistant in the Recorder's Office in June 2013.

10. Plaintiffs are not politically affiliated with Yarbrough. The Recorder's Office was aware that Plaintiffs were not politically affiliated with Yarbrough.

11. In February 2013, the Recorder's Office hired an individual named Erica Sanchez (formerly Erica Cuevas) as an Administrative Assistant.

12. Sanchez is politically affiliated with Yarbrough and Yarbrough's husband.

13. At the time that the Recorder's Office hired Sanchez, the Recorder's Office hired Sanchez at a salary level that paid Sanchez approximately $24,000 more than Plaintiffs.

14. Sanchez was hired at a rate approximately $24,000 more than Plaintiffs due to her political connection to Yarborough and Yarborough's husband.

15. Sanchez and Plaintiffs performed the same duties. Plaintiffs were just as, or better, qualified than Sanchez for the position of Administrative Assistant.

16. In January 2016, the Recorder's Office transferred Plaintiffs and Sanchez into Executive Assistant positions. Plaintiffs and Sanchez performed the same duties in their positions as Executive Assistants beginning in January 2016.

17. When Plaintiffs and Sanchez were transferred to their Executive Assistant positions, the pay discrepancy between Plaintiffs and Sanchez remained.

18. Sanchez received politically favorable treatment when she received substantially greater pay for performing the same work as Plaintiffs.

19. Defendant discriminated against Plaintiffs based on their politics in violation of the *Shakman* Decrees when they paid Plaintiffs, who were politically neutral to Yarbrough, less than Sanchez, who was politically connected to Yarbrough.

20. On December 12, 2016, Plaintiffs filed a complaint with the Office of the Independent Inspector General of Cook County ("OIIG") alleging political discrimination.

21. On March 20, 2018, the OIIG issued a finding on Plaintiffs' complaint.

22. After receiving the OIIG's decision, Plaintiffs participated in the required post supplemental relief order ("SRO") settlement conference before filing this complaint.

23. As a result of the aforesaid acts of the Defendant, Plaintiffs lost income and benefits in an amount to be proven at the time of trial. Plaintiffs claim such amounts as damages together with prejudgment interest as permitted by law.

## COUNT I
## PLAINTIFF AGAINST THE RECORDER'S OFFICE
## FOR VIOLATION OF THE *SHAKMAN* DECREES

24. Plaintiff realleges and incorporates paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

25. The Recorder's Office, through its agents, committed acts which constituted a violation of the *Shakman* Decrees in that the Individual Defendants paid Plaintiffs substantially lower wages than Sanchez based upon improper political considerations, to wit: their lack of political involvement with Yarbrough.

26. The Recorder's Office, through its agent's conduct, violated the *Shakman* Decrees when it paid Sanchez a higher wage than Plaintiffs, despite working in the same position, because she was politically affiliated with Yarbrough. The Defendant took these actions based upon political reasons or factors.

27. As a result of the Defendant's actions, Plaintiffs' employment was subject to improper political considerations and they suffered damages as well as other injuries including the loss of wages and benefits.

## COUNT II
### Plaintiff Against COOK COUNTY For
### INDEMNIFICATION

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) as though fully set forth at this place.

29. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Cook County is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such

as the Cook County Recorder of Deeds or her deputies, acting within the scope of their employment is found liable.

30. The acts and/or omissions of the Defendant were committed within the scope of their employment.

31. In the event that a judgment for compensatory damages is entered against Defendant, Cook County must pay the judgment as well as the associated attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, Ed Fox & Associates, Ltd. request the following relief:

A. That Plaintiffs be granted general and compensatory damages in an amount to be determined at trial;

B. That the Court grant to Plaintiffs their reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

C. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com